IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00572-MSK-MEH

PATRICIA CUSHENBERRY,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY, an Ohio stock company, a subsidiary of AUTO-OWNERS INSURANCE CO., a Michigan corporation,

    Defendant.

## ORDER RE: OUTSTANDING ISSUES RAISED AT OCTOBER 19, 2016 HEARING

**Michael E. Hegarty, United States Magistrate Judge**.

At a hearing on Plaintiff's Second Motion to Compel on October 19, 2016, the Court narrowed the issues raised in the motion to whether binding or persuasive case law supported compelling Defendant to respond to Interrogatory No. 4, Request for Production No. 4, and Request for Production ("RFP") No. 5. Hearing Tr., ECF No. 61. The Court found these requests were partially overly broad as propounded, and it limited all requests to cases or complaints filed in Colorado for the time period 2011 to the present. *Id.* These discovery requests and Defendant's initial responses state in full:

> Interrogatory #4: Please list, by case title, case number, and jurisdiction where filed, all litigation against Auto Owners that involves claims of breach of contract, fraud or bad faith arising out of UIM claims, for the years 2011 to date.
>
> Response: Objection. This Interrogatory contains impermissible sub-parts; each sub-part shall be treated as a separate interrogatory pursuant to F.R.C.P., Rule 33. This Interrogatory is overly broad and unduly burdensome in scope. It is also vague, not specific to the condition alleged to be at issue in this case, and/or otherwise not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to the time relevant to this litigation and seeks information which is neither relevant to any issue in this litigation nor likely to lead to the discovery of admissible evidence. Additionally, this Interrogatory seeks information that is

obtainable from documents equally available to Plaintiff. *See, e.g., Bishelli v. State Farm Mut. Auto. Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2008 WL 280850, at *4 (D. Colo. Jan. 31, 2008); *Val Vu, Inc. v. Lacey*, 497 P.2d 723, 726 (Colo. App. 1972) ("a party should not be permitted to compel his opponent to make compilations or perform research and investigations with respect to statistical information which he might make for himself by obtaining the production of the books and documents pursuant to Rule 34 of the Federal Rules of Civil Procedure, or by doing a little footwork, as the case may be"); *see also Konczakowski v. Paramount Pictures, Inc.*, 20 F.R.D. 588 (S.D. N.Y.1957).

Request for Production #4: For each of the cases identified in your Response to Interrogatory #4, please produce:
a) a copy of the complaint and answer, including any amended complaint and answer
b) if a copy of any dispositive motion (such as a Rule 12(b)(6) motion to dismiss or motion for summary judgment), a copy of the briefs filed in support of that motion.

Response: Objection. This Interrogatory contains impermissible sub-parts; each sub-part shall be treated as a separate interrogatory pursuant to F.R.C.P., Rule 33. Please refer to Owners response to Interrogatory #4. Interrogatory #4, and Request for Production #4 are unduly burdensome as an impermissible and premature contention interrogatory. *See, e.g., Contention Interrogatories in Federal Court*, 148 F.R.D. 441 (1993); *Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93 (E.D. Pa. 1992); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985). A Colorado court has held that such interrogatories are unduly burdensome as a matter of law and are an abuse of the discovery system. *Grynbert v. Total S.A.*, 2006 WL 1186836, at *5–7 (D. Colo. May 3, 2006). Further, this Request for production seeks legal conclusions or opinions, seeks information that is the subject of attorney-client and/or work product privileges, and is premature because discovery in this matter is ongoing. This Interrogatory is also not specific to the condition alleged to be at issue in this case, and/or otherwise not reasonably calculated to lead to the discovery of admissible evidence. This Interrogatory seeks legal conclusions, to which no response is required.

It is also not specific to the condition alleged to be at issue in this case, and/or otherwise not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to the time relevant to this litigation and seeks information which is neither relevant to any issue in this litigation nor likely to lead to the discovery of admissible evidence. Additionally, this Interrogatory seeks information that is obtainable from documents equally available to Plaintiff. *See, e.g., Bishelli v. State Farm Mut. Auto. Ins. Co.*, No. 07-cv-00385-WYD-MEH, 2008 WL 280850, at *4 (D. Colo. Jan. 31, 2008); *Val Vu, Inc. v. Lacey*, 497 P.2d 723, 726 (Colo. App. 1972) ("a party should not be permitted to compel his opponent to make compilations or perform research and investigations with respect to statistical information which he might make for himself by obtaining the production of the books and documents pursuant to Rule 34 of the Federal Rules of Civil Procedure,

or by doing a little footwork, as the case may be"); *see also Konczakowski v. Paramount Pictures, Inc.*, 20 F.R.D. 588 (S.D. N.Y.1957).

Request for Production #5: Please produce any and all documents, including, but not limited to, complaint registers or logs, complaint files, correspondence to and from the state regulator, and documents showing the disposition of the complaint of any complaint filed with any State Department of Insurance involving the handling of UIM claims by Defendant Owners.

Response: Objection. This Interrogatory contains impermissible subparts; each sub-part shall be treated as a separate interrogatory pursuant to F.R.C.P., Rule 33. This Interrogatory is overly broad and unduly burdensome. It is also vague, not specific to the condition alleged to be at issue in this case, and/or otherwise not reasonably calculated to lead to the discovery of admissible evidence because it is not limited to the time relevant to this litigation and seeks information which is neither relevant to any issue in this litigation nor likely to lead to the discovery of admissible evidence. Additionally, this Interrogatory seeks information that is obtainable from documents equally available to Plaintiff. *See, e.g., Val Vu, Inc. v. Lacey*, 497 P.2d 723, 726 (Colo. App. 1972) ("a party should not be permitted to compel his opponent to make compilations or perform research and investigations with respect to statistical information which he might make for himself by obtaining the production of the books and documents pursuant to Rule 34 of the Federal Rules of Civil Procedure, or by doing a little footwork, as the case may be"); *see also Konczakowski v. Paramount Pictures, Inc.*, 20 F.R.D. 588 (S.D. N.Y.1957).

Defendant's Responses to Plaintiff's Interrogatories and Requests for Production of Documents, ECF No. 71-1.

At the hearing, the Court ordered that Defendant file a response brief concerning the relevancy of these requests within 24 days after the motion was filed on October 13, 2016, and that Plaintiff file a reply in support of the motion within 17 days after the response was served. Hearing Tr. 64: 2-14, 65: 3-8 ("So, you [Mr. Eldridge] don't have to submit cases. You'll just reply when she responds on the issue of producing prior complaints or lawsuits."). However, on October 24, 2016, Plaintiff filed a "Memorandum Brief Concerning Evidence of Other Conduct by Defendant" and 21 days later, the Defendant filed a "Response to Plaintiff's Second Motion to Compel Discovery." The Plaintiff did not file a reply brief as permitted within the time allotted.

Regarding Interrogatory No. 4 and RFP No. 4, Plaintiff cites cases from the Tenth Circuit and from a district court within the Tenth Circuit for his proposition that information concerning other lawsuits or complaints in which the alleged conduct is similar to that alleged in the subject pleading is relevant and discoverable. For example, in *Vining v. Enter. Fin. Grp., Inc.*, 148 F.3d 1206, 1218–19 (10th Cir. 1998), the court upheld a district court's order in a bad faith case allowing testimony by other insurance claimants who "testified about their purchase of life insurance policies and the subsequent rescission of those policies by Enterprise despite their disclosures to Enterprise agents concerning prior health problems." The court held:

> Vining's case of bad faith was based on demonstrating a pervasive, consistent pattern of abuse by Enterprise. Clearly, the . . . evidence regarding how Enterprise treated other claimants were all relevant to that exercise. Such evidence is expressly allowed under Federal Rule of Evidence 406. The only impact such evidence might have had on the jury was to convince them that Enterprise habitually denied claims in bad faith, precisely the point Vining wished to prove. Allowing such evidence to be admitted, therefore, did not constitute an abuse of discretion.

*Id.* at 1219. The Court finds *Vining* persuasive as to whether evidence of other **bad faith** claims are discoverable in this case. Defendant's only objection concerning the application of *Vining* is that it "applies Oklahoma law and does not deal with a discovery dispute." Resp., ECF No. 71 at 5–6. The Court is not convinced; clearly, the Tenth Circuit found evidence of other claims consistent with *Federal* Rule of Evidence 406 governing habit or routine practice and, of course, any information that is found to be admissible would certainly be discoverable. Further, for reasons expressed at the October 19, 2016 hearing, the Court does not agree with Defendant that the time frame applied to the discovery requests is overly broad.

However, Defendant is correct that Plaintiff's requests directed at "Auto-Owners" is confusing; at the Plaintiff's request, the Defendant named in this action was amended to "Owners Insurance Company, a subsidiary of Auto-Owners Insurance Co." ECF Nos. 19, 21. Plaintiff

apparently has acknowledged that Auto-Owners is "a group of insurance companies comprised of five property and casualty companies and one life/health/annuity insurer." Resp. 8. The Court finds that, without argument concerning the proper addressee of her discovery requests, Plaintiff's requests should be directed at the named Defendant in this case, Owner's Insurance Company.

Finally, the Court finds Defendant's argument concerning the "accessability" of information and whether Defendant has in its possession, custody, or control a "list" of all lawsuits filed against Owners since 2011 concerning bad faith claims to be unfounded. Defendant relies on an opinion by this Court in *Lindquist v. Arapahoe Cnty.*, No. 10-cv-02264-REB-MEH, 2011 WL 3163095, at *3 (D. Colo. Jul. 26, 2011) for its argument that it need not produce what is "easily accessible to the plaintiff." Resp. 11. Defendant assumes mistakenly that "the defendant in Lindquist *voluntarily* provided the plaintiff with 'a list of the titles, case numbers and court locations of similar lawsuits'" (*id.* (emphasis added)); however, the defendant in *Lindquist* provided such information in response to a discovery request much like the Plaintiff's in this case. *Lindquist*, No. 10-cv-02264-REB-MEH at ECF No. 56-2. Armed with the case information provided by the defendant, the Court found the plaintiff could access any public documents he sought. *Lindquist*, 2011 WL 3163095, at *3. Accordingly, this case is distinguishable from *Lindquist*.

Regarding RFP No. 5, Defendant's only specific objection is that the request is overly broad in seeking information concerning "Auto Owners." Resp. 8. The Court has addressed this argument above.

In sum, the Court finds that Plaintiff's Interrogatory No. 4 and RFP No. 4 (as limited to claims or complaints alleging bad faith) and all of the subject discovery requests (as limited to filed in Colorado from 2011 to the present) are relevant and discoverable in this case. The Defendant shall submit responses to these modified requests to the Plaintiff on or before December 23, 2016.

Dated at Denver, Colorado, this 9th day of December, 2016.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge