IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00572-MSK-MEH

PATRICIA CUSHENBERRY,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY, an Ohio stock company, a subsidiary of AUTO-OWNERS INSURANCE CO., a Michigan corporation,

    Defendant.

## ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiff's Memorandum Brief Concerning Jeff [sic] Hoag Rule 30(b)(6) Deposition, which the Court has construed as a motion for sanctions pursuant to Fed. R. Civ. P. 37(a)(3)(C) [filed March 30, 2017; ECF No. 92]. The matter is fully briefed, and the Court finds that oral argument, not requested by the parties, will not assist in the Court's adjudication of the motion. For the reasons that follow, the Court grants in part and denies in part the motion.

    In this case, Plaintiff sues Defendant for breach of insurance contract and other related claims following a May 6, 2012 automobile accident. During the course of discovery, Plaintiff issued a notice for a deposition of Defendant's corporate representative pursuant to Fed. R. Civ. P. 30(b)(6). Following argument before this Court on February 14, 2017 concerning the propriety of certain deposition topics proffered by Plaintiff, the deposition took place on February 17, 2017. Plaintiff now argues that the deponent was "unprepared to testify about topics which go to the essential issues of the case." Mot. 6. With her motion, Plaintiff seeks an order requiring the Defendant to provide

a "substitute" deponent to address thirteen topics[1] for which the original deponent was unprepared.

Defendant counters that the claim continues to be adjusted and its designated deponent should not be required to answer questions regarding information the company does not know. Defendant asserts its designee was "as prepared as possible with the limited information available to [Defendant] at the time of the deposition." Resp. 2.

Following discussion with the parties concerning this issue on March 23, 2017 and consideration of the parties' briefs, the Court finds the question boils down to whether the Plaintiff is entitled to a Rule 30(b)(6) deposition, as well as a fact deposition, of the insurance adjustor in this case, Rebecca Ratzell. Both parties agree that Ms. Ratzell possesses information that would be responsive to information sought within Plaintiff's Rule 30(b)(6) topics. After perusing the portions of the Rule 30(b)(6) deposition transcript provided by the Plaintiff, the Court finds it premature to determine whether there may be bad faith or insufficient preparation on the part of the Defendant and/or its designee, Chris Hoag. That is, Mr. Hoag repeatedly referenced Ms. Ratzell as having information sufficient to answer certain of Plaintiff's questions; as such, Mr. Hoag has "designated" Ms. Ratzell as the representative to whom such questions should be addressed. Defendant does not appear to refute this conclusion; therefore, the Court will permit a separate Rule 30(b)(6) deposition of Ms. Ratzell solely for the purpose of providing sworn responses to those questions Mr. Hoag could not answer and referred to Ms. Ratzell. *See* Deposition of Chris Hoag, February 17, 2017 ("Hoag Dep.") 100: 4-24 (in what way the medical records concerning Plaintiff's second knee surgery were "incomplete"); 107: 21-25, 108: 1-13 (which specific documents Defendant requested before January 2017 to determine whether the second knee surgery was accident-related); 113: 11-16

---

[1]The Court discussed these and other topics with the parties on February 14, 2017. ECF No. 89. Of the thirteen topics listed here, the Court approved ## 1, 2, 31, and 35 as separate topics, and characterized the remaining ## 3, 5, 7, 17, 19, 20, 21, 22, and 24 as subsumed in topic #1. *Id.* at 24-54.

(whether the records provided to Defendant to date state whether the second knee surgery was accident-related), ECF No. 92-2. The deposition shall be limited to one hour and, because Mr. Hoag should have been prepared to answer such questions, the Defendant shall pay the costs of the deposition, including Plaintiff's counsel's reasonable attorney's fees during the deposition.

Plaintiff's counsel is advised, however, that the Court prohibits the repeated asking of the same question in the same way more than twice or unless the deponent does not understand the question; such questioning borders on unreasonable conduct prohibited by Fed. R. Civ. P. 30(d)(3)(A). Furthermore, the Court prohibits any "sniping" between counsel in this case; for example, defense counsel's reference to a typographical error in the Plaintiff's motion as "sloppy lawyering" and Plaintiff's counsel characterizing defense counsel's conduct as "cute" are completely unnecessary and, in this Court's estimation, portray each attorney, not his or her opposing counsel, in a bad light. *See* Resp. 6 n.1; Reply 6. Counsel are directed to submit electronic copies of all transcripts of any future depositions to the Court within ten business days of the taking of such deposition(s) for the purpose of monitoring and enforcing this order.

Finally, the Court will deny Plaintiff's request for an award of attorney's fees for time spent briefing this issue. The Court requested such briefing from the parties and finds that it was neither "brief" nor particularly helpful; for example, Plaintiff listed topics 31 and 35 as those to which Mr. Hoag was unprepared to testify, but articulated no argument as to how he failed to testify to these topics and the portions of the deposition transcript provided to the Court reveal no indication as to any failure to testify.

THEREFORE, for the foregoing reasons, Plaintiff's Motion for Sanctions pursuant to Fed. R. Civ. P. 37(a)(3)(C) concerning Defendant's Rule 30(b)(6) Deposition [filed March 30, 2017; ECF No. 92] is **granted in part and denied in part** as set forth herein.

Dated at Denver, Colorado, this 9th day of May, 2017.

                BY THE COURT:

                *Michael E. Hegarty*

                Michael E. Hegarty
                United States Magistrate Judge