IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00572-MSK-MEH

PATRICIA CUSHENBERRY,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY, an Ohio stock company, a subsidiary of AUTO-OWNERS INSURANCE CO., a Michigan corporation,

    Defendant.

---

## ORDER ON DEFENDANT'S MOTION FOR SANCTIONS

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Defendant believes that, during the course of this litigation, the Plaintiff has failed to initially disclose and produce in response to discovery requests "key documents on which she has relied" and now moves for an order imposing sanctions against the Plaintiff pursuant to Fed. R. Civ. P. 37. The Court finds that, while the Plaintiff failed to produce requested documents in a timely manner to the Defendant, the Defendant has not demonstrated prejudice as a result of Plaintiff's failure. Thus, the Court will deny the Defendant's motion.

    In this case, Plaintiff sues Defendant for breach of insurance contract and other related claims following a May 6, 2012 automobile accident.

    On March 23, 2017, defense counsel notified the Court during a discovery conference that Plaintiff had failed to include in her initial disclosures copies of any policy provisions or correspondence between her and Defendant, some on which she relied during depositions. *See* Tr. 85–96, ECF No. 93. Defendant cited as an example that the second page of a letter drafted by Plaintiff's counsel to the insurance adjustor before litigation commenced was never sent to the

adjustor, but was eventually received by Defendant on April 14, 2016 when the parties were preparing the Scheduling Order for this case. Tr. 91–93. Plaintiff did not agree that this error was "prima facie evidence" of a deficiency in her production, and asked for the Court's guidance as to what needed to be produced. Tr. 93–94. The Court ordered:

> THE COURT: Okay. So first of all, you've got to make sure you've answered all discovery requests. And if you have said you're producing documents, that, in fact, you have produced all documents. But this would reasonably be a document that should be disclosed in a Rule 26 disclosure because it is something that you will rely on. And we have an affirmative obligation to produce documents we're going to rely on because you would use this to establish notice to the insurance company that they should have been considering all these points you were making in adjusting the claim. And so unless --
>
> MR. ELDRIDGE: Sure. That makes sense.
>
> THE COURT: -- unless she's asked for correspondence, you don't have to produce correspondence. But you do have to produce documents that would fall within your obligation of Rule 26. Sound right?
>
> MS. LUSH: That's fair, Your Honor.
>
> THE COURT: Okay. Of course you can ask for correspondence if you haven't yet.
>
> MS. LUSH: I believe it's been requested.
>
> THE COURT: Okay. If it has been requested, then it falls within a request. And to have not produced that document, if she's asked for correspondence that you've had with her client, then it would be a failure.

Tr. 95–96.

In its motion, filed thirty-five days after the March 23, 2017 discovery conference, Defendant contends the Plaintiff not only produced no documents in response to its November 2016 discovery request for correspondence, but also produced nothing in response to the Court's order. Plaintiff counters that the faxed letter identified by defense counsel at the March 23, 2017 conference and in its motion was actually faxed *and* emailed to the adjustor, and the adjustor responded to the full letter by email. Plaintiff also contends that the other documents identified as not properly produced

2

were or should have been part of the insurance claims file. Finally, Plaintiff asserts that, in its order, the Court identified no deadline by which the documents were to be produced and, upon conferral with the Defendant about its motion, the Plaintiff attempted to assure Defendant that the documents were forthcoming and, in fact, the documents were delivered May 1, 2017. Defendant replies standing on its contention that it did not receive the complete letter at the time it was faxed; the documents Plaintiff finally produced on May 1 should have been disclosed initially or produced in response to discovery requests; and, Plaintiff made no argument that its delay in production was substantially justified or harmless.

Defendant appears to seek relief pursuant to Fed. R. Civ. P. 37(c) for failure to provide information as required by Rule 26(a)[1] and/or pursuant to Fed. R. Civ. P. 37(d)(1)(A) for failure to serve answers, objections, or a written response to a request under Rule 34. Mot. 5–6; Reply 3–4. As such, the Court understands that Defendant is arguing Plaintiff failed to disclose written correspondence between her and Defendant under Rule 26(a)(1) an 26(e), and she failed to respond altogether to Defendant's Rule 34 request for production of written correspondence.

A. Rule 37(c) Failure

Rule 37(c) states in pertinent part:

If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). "The imposition of sanctions for abuse of discovery under Fed. R. Civ. P. 37 is a matter within the discretion of the trial court." *Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th

---

[1] Defendant does not cite Fed. R. Civ. P. 37(b) for failure to comply with a court order, but states: "This failure to disclose is in direct contravention of the Court's March 24, 2017 order." Mot. 8. For the same reason set forth below, the Court finds the circumstances surrounding Plaintiff's untimely disclosure make an award of expenses unjust in this case. *See* Fed. R. Civ. P. 37(b)(2)(C).

Cir.), *cert. denied*, 513 U.S. 1000 (1994). A district court abuses its discretion "if the exclusion of testimony results in fundamental unfairness in the trial of the case." *Id.* (citing *Smith v. Ford Motor Co.*, 626 F.2d 784, 794 (10th Cir. 1980)). "The failure to disclose is considered harmless when there is 'no prejudice to the party entitled to the disclosure.'" *Beneficial Living Sys., Inc. v. Am. Cas. Co. of Reading, Pa.*, No. 08-cv-01980-LTB, 2009 WL 3497780, at *2 (D. Colo. Oct. 26, 2009) (quoting *Umbenhower v. Copart, Inc.*, 222 F.R.D. 672, 675 (D. Kan. 2004)).

The Court understands that Defendant argues the Plaintiff should have, but did not, disclose the following documents: (1) the February 16, 2016 letter; and (2) certain exhibits from a February 17, 2017 Rule 30(b)(6) deposition. First, the Court disagrees that the Plaintiff failed to disclose the entire letter in this litigation. Notwithstanding Plaintiff's evidence that the letter was emailed (in addition to being sent by facsimile) and the adjustor acknowledged receipt of the letter on February 16, 2016 referencing "items 1-10" (ECF No. 110-2), the Defendant admits it received a copy of the entire letter on April 14, 2016, four days before the initial disclosure deadline in this case. *See* Second Am. Scheduling Order, ECF No. 58 at 9. There is nothing requiring Plaintiff to "re-produce" the letter four days later with his other disclosures. Under these circumstances, the Court perceives no basis for imposing sanctions regarding the letter.

Second, Defendant contends that Plaintiff offered as exhibits the following documents, which had not been previously disclosed, during a Rule 30(b)(6) deposition of Defendant's corporate representative: Exhibits 2 ("Colorado Uninsured Motorist Coverage Auto Policy"), 3 (February 16, 2016 letter referenced above), 4 (March 5, 2014 demand letter from Plaintiff's counsel, Wade Eldridge, to Defendant's representative, Geoffrey Page); 6 (March 10, 2015 letter from Eldridge to Page); 7 (March 13, 2015 letter from Page to Eldridge); 8 (March 18, 2015 letter from Eldridge to Page); and 9 (December 30, 2015 letter from Defendant's representative, Rebekah Ratzell to

4

Eldridge). For the reason addressed above, the Court finds Plaintiff did not fail to disclose Exhibit 3. Further, Plaintiff argues that her failure to disclose the remaining documents was harmless because Exhibits 2 and 4 are identical to documents disclosed by the Defendant and Exhibits 6, 7, 8, and 9 should have been, "in the normal course of business," part of the insurance claims file. Defendant replies admitting that Exhibits 6-9 were actually disclosed to Plaintiff as part of its claims file.

The Court finds the Plaintiff's failure to disclose Exhibits 2, 4, and 6–9 to be harmless since it is undisputed the Defendant already had in its possession the challenged documents. Other than stating a general prejudice and an "inability to effectively defend itself" without "access to all discoverable communications," Defendant identified no other prejudice as a result of Plaintiff's untimely disclosure. *See Beneficial Living Sys.*, 2009 WL 3497780, at *2.

For the Defendant's failure to demonstrate prejudice resulting from the Plaintiff's untimely disclosure of Exhibits 2–4, and 6–9, the Court will deny Defendant's request for relief pursuant to Fed. R. Civ. P. 37(c). The Court emphasizes that its order relates only to the specific documents challenged by the Defendant in its motion and briefing.

B.  Rule 37(d) Failure

Rule 37(d)(1)(A) provides in pertinent part that "[t]he court where the action is pending may, on motion, order sanctions if: . . . (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." As the language of the rule makes clear, sanctions are available if a party fails altogether to respond to properly served written requests under Fed. R. Civ. P. 33 or 34.[2]

---

[2] If the Defendant had argued that Plaintiff's response(s) to its discovery requests were insufficient or improper, its motion would fall under Rule 37(a)(3)(B)(iv), which provides that a motion to compel may be filed if "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—*as requested under Rule 34.*" Fed. R.

Defendant admits that Plaintiff submitted responses and objections to its discovery requests on December 16, 2016. Mot. 6; Resps., ECF No. 104-4. Defendant identifies no other discovery requests to which the Plaintiff has failed altogether to respond. Accordingly, the Court finds the Defendant has failed to demonstrate sanctions must be imposed under Fed. R. Civ. P. 37(d).

In sum, the Court finds that, while the Plaintiff failed to disclose or produce requested written correspondence in a timely manner, such failure was harmless because the Defendant already possessed the challenged documents and, under such circumstances, an award of expenses would be unjust. This order shall be, in no way, construed as justifying the Plaintiff's failure to produce relevant requested documents in this case in a timely manner. In fact, I foresee that if the parties' discovery-related conduct does not improve, the case may head down the same path as that addressed by this Court in *EEOC v. Original Honeybaked Ham Co. of Ga., Inc.*, No. 11-cv-02560-MSK-MEH, 2013 WL 752912, at *2–*4 (D. Colo. Feb. 27, 2013).

Defendant's Motion for Sanctions pursuant to Fed. R. Civ. P. 37 [filed April 27, 2017; ECF No. 104] is **denied**.

Dated at Denver, Colorado, this 5th day of June, 2017.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

Civ. P. 37(a)(3)(B)(iv) (emphasis added).